1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    KEVIN ILOFF,                                  CASE NO. 1:08-cv-01508-AWI-YNP PC

10                      Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                                   RECOMMENDING THAT THIS ACTION BE
11           v.                                    REMANDED TO FRESNO COUNTY
                                                   SUPERIOR COURT
12   C. HERRERA, et al.,
                                                   OBJECTIONS DUE WITHIN 30 DAYS
13                      Defendants.
     _____/

14

15          This is a civil action brought by Plaintiff Kevin Iloff, a state prisoner proceeding pro se.  This

16   action was removed from Fresno County Superior Court by Defendants on October 7, 2008.  (Doc.

17   #1.)  On October 29, 2008, Plaintiff filed an opposition against removal of this action from state

18   court. (Doc. #7.) Plaintiff opposes removal because federal jurisdiction is inconvenient for him due

19   to the high caseload possessed by judges in the Eastern District of California.

20          While the Court finds Plaintiff's arguments against removal unavailing, review of Plaintiff's

21   complaint raises serious questions as to this Court's jurisdiction over Plaintiff's claims.  Defendants

22   contend that removal was proper under 28 U.S.C. § 1441(b) because this Court has original

23   jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.  (Notice of Removal of Action under 28

24   U.S.C. § 1441(b) (Federal Question) 2:4-6.)  Section 1441(b) provides that "[a]ny civil action of

25   which the district courts have original jurisdiction founded on a claim or right arising under the

26   Constitution, treaties or laws of the United States shall be removable without regard to the

27   citizenship or residence of the parties."  Section 1331 provides that "[t]he district courts shall have

28   ///

1   original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

2   States.

3       The removal statute is strictly construed against removal and "federal jurisdiction 'must be

4   rejected if there is any doubt as to the right of removal in the first instance.'"  Duncan v. Stuetzle,

5   76 F.3d 1480, 1485 (9th Cir. 1996) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

6   Although Plaintiff did not specifically raise jurisdiction as an issue in his objections, the Court must

7   examine the issue.  FW/PBS, Inc. v. City of Dalls, 493 U.S. 215, 231 (1990) ("The federal courts

8   are under an independent obligation to examine their own jurisdiction"); Rains v. Criterion Systems,

9   Inc., 80 F.3d 339, 343 (9th Cir. 1996) (court must consider whether federal jurisdiction exists even

10  if no objection was made to removal and even if both parties stipulate to federal jurisdiction).

11      In the notice of removal, Defendants state that "[t]his is a civil action for Defendants'

12  allegedly discriminatory treatment of Plaintiff and denial of his First Amendment right to practice

13  his religion."  (Notice of Removal 2:3-4.)  Plaintiff's complaint was filed in state court on a state

14  civil claim form.  Plaintiff's form complaint does not contain any statement of facts or any statement

15  of his causes of action.  Plaintiff writes on his claim form that he suffered "[d]enial of the ability to

16  practice [his] religion, Civil Rights violation, Discrimination under the color of authority." (Notice

17  of Removal Ex. A at 4.) Plaintiff's complaint does not contain any reference to the First Amendment

18  or the U.S. Constitution and there is no reference to any federal statutes.

19      "The presence or absence of federal-question jurisdiction is governed by the well-pleaded

20  complaint rule, which provides that federal jurisdiction exists only when a federal question is

21  presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams,

22  482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff

23  the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

24  Id.  Defendant's contention that this action arises under federal law is not supported by a review of

25  Plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)

26  (existence of federal jurisdiction determined by the complaint at the time of removal).  Plaintiff's

27  complaint makes no reference to any federal causes of action.  Plaintiff filed his complaint in state

28  court and clearly opposes litigating his claims in federal court.

1    The Court finds that it lacks subject matter jurisdiction over this action.  Accordingly, the

2  Court HEREBY RECOMMENDS that this action be remanded to the Fresno County Superior Court.

3

4  IT IS SO ORDERED.

5  **Dated:   April 13, 2010**                     _____/s/ Sandra M. Snyder_____

6                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28