IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ILOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>C. HERRERA, et al.,<br><br>        Defendants. | NO. 1:08-cv-01508-AWI-MJS-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND DIRECTING THE CLERK TO FILE THE COMPLAINT<br><br>(Doc. 10) |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The action was initiated by defendants' October 7, 2008, Notice of Removal. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b) on the ground that it is a civil action for allegedly discriminatory treatment of plaintiff and denial of his First Amendment right to practice his religion. This Court has original jurisdiction of such claims pursuant to 28 U.S.C. § 1331. Plaintiff opposed the removal to this Court.

    However, on April 14, 2010, findings and recommendations were entered, recommending that the action be remanded to the Fresno County Superior Court because the complaint did not contain any reference to the First Amendment, the U.S. Constitution, or federal statutes. The Court noted that "The presence or absence of federal-question jurisdiction

is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(internal quotations and citations omitted).  Because plaintiff's complaint made no reference to any federal causes of action, the court recommended that the action be remanded to state court.

On April 27, 2010, defendants filed objections to the findings and recommendations supported by a declaration of Matthew Kubicek, counsel for defendants.  Mr. Kubicek advised that defendants had mistakenly filed in this court only a portion of plaintiff's Fresno County Superior Court complaint; they had failed to include that portion in which plaintiff alleges defendants conspired to deprive plaintiff of group worship and thereby denied him equal protection and violated his First Amendment rights.  (Compl. p. 6.) .

Pages 4-13 of defendants' exhibit is the full complaint filed in Fresno County Superior Court.  On page 6 of the complaint attached as an exhibit, plaintiff alleges that

> Defendants entered into a conspiracy under the color of authority to deprive plaintiff and fellow religious worshipers the ability for group worship, with out a genuine penological interest and by doing so placed a substantial burden on plaintiffs ability to practice his religion with others of this faith.  Which further denied equal protection and vilation [sic] of the first amendment rights.

(Compl. p 6.)   Plaintiff further alleges that defendants "did enter into a conspiracy to deprive plaintiff of the First Amendment right to practice my religion by denying me access to the essential items to practice my religion." (Compl. p. 8.)  The full complaint clearly alleges a violation of plaintiff's First Amendment right to free exercise of his religious beliefs.[1]

---

[1] Plaintiff has attached a number of exhibits to his complaint.  While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage.  Attaching a large number of exhibits to a complaint can result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.  The Court will therefore consider only the form complaint and narrative attachments as the complaint in this action.

Defendants correctly cite <u>Caterpillar</u>'s holding that plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar</u>, 482 U.S. at 392.   Plaintiff does not so rely.  His complaint clearly seeks relief under the First Amendment.   This Court therefore retains original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

    Accordingly, IT IS HEREBY ORDERED that:

    1.  The April 14, 2010, recommendation of **dismissal is vacated**; and

    2.  The **Clerk's Office shall file in this action the full complaint** attached to defendants' declaration as the operative pleading in this case.

IT IS SO ORDERED.

Dated:   June 7, 2010        /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE