1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

KEVIN ILOFF,                                    CASE NO.    1:08-CV-01508-AWI-MJS (PC)

12
13                  Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                                FOR DISMISSAL OF ACTION WITH
                                                PREJUDICE FOR FAILURE TO STATE A
        v.                                      CLAIM SUBJECT TO 28 U.S.C. § 1915(g)
14

C. HERRERA, et al.,                             (ECF NO. 23)
15
16                  Defendants.                 FOURTEEN (14) DAY DEADLINE

17 _____/

18
19

20          Plaintiff Kevin Iloff is a state prisoner proceeding pro se in this civil rights action

21 pursuant to 42 U.S.C. § 1983. (Notice of Removal, ECF No. 1.) Plaintiff has declined

22 Magistrate Judge jurisdiction. (Req. for Reassignment, ECF No. 6.)

23          The Court is required to screen complaints brought by prisoners seeking relief

24 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

25 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

26

27

-1-

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's original Complaint was dismissed with leave to amend for failure to

state a claim. (Order, ECF No. 15.) Plaintiff filed a First Amended Complaint (First Am.

Compl., ECF No. 20) which was dismissed, with 30 days leave to amend, on March 28,

2012 for failure to state a claim. (Order, ECF No. 22.) This deadline passed without

Plaintiff having filed an amended complaint or a request for an extension of time to do

so.

The Court then issued an Order to Show Cause Why the Case Should not be

Dismissed (Order to Show Cause, ECF No. 23) directing Plaintiff to show such cause or

file an amended complaint by May 23, 2012. Plaintiff was advised that failure to meet

this deadline would result in the dismissal of his action. The May 23, 2012 deadline has

passed without Plaintiff filing any response or amended complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these

Rules or with any order of the Court may be grounds for imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." District courts have the

inherent power to control their dockets and "in the exercise of that power, they may

impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action

based on a party's failure to prosecute an action, failure to obey a court order, or failure

to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its orders and rules. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 F.2d at 132-33.

Plaintiff's Complaint and First Amended Complaint failed to state any cognizable

federal claim. He has failed to comply with the Court's orders and rules. No lesser

sanction than dismissal is appropriate.

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH

PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C.

§ 1915(g). These findings and recommendations are submitted to the United States

District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

636(b)(1). Within fourteen (14) days after being served with these Findings and

Recommendations, any party may file written objections with the Court and serve a

copy on all parties. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." Any reply to the objections shall be served

and filed within ten (10) days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 13, 2012            /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE