UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ILOFF,<br><br>    Plaintiff,<br><br> v.<br><br>C. HERRERA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01508-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM SUBJECT TO 28 U.S.C. § 1915(g) AND FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 26)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  Plaintiff Kevin Iloff ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

  The Court screened Plaintiff's First Amended Complaint on March 28, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file another amended complaint on or before April 28, 2012. (ECF No. 22.) The Court informed Plaintiff in that order that if he failed to file an amended complaint, his action would be "dismissed, with prejudice, for failure to state a claim." (Id.) April 28, 2012, passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

1  The Court issued an Order to Show Cause on May 11, 2012, directing Plaintiff to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim.  (ECF No. 23.)  Plaintiff was to respond by May 23, 2012.  (Id.)  When Plaintiff failed to respond, the Court issued a Findings and Recommendations ("F&R") on June 14, 2012, recommending that Plaintiff's First Amended Complaint be dismissed for failure to state a claim.  (ECF No. 24.)  Plaintiff filed objections to the F&R on June 27, 2012 stating that he had tried to file an amended complaint.  (ECF No. 25.)  The Court discharged the Order to Show Cause, vacated the F&R, and gave Plaintiff until August 1, 2012 to file an amended complaint.  (ECF No. 26.)  August 1, 2012 has passed and Plaintiff has once again failed to file an amended complaint by the extended and re-extended deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors:

1  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
2  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
3  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
4  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
5  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
6       In the instant case, the Court finds that the public's interest in expeditiously resolving
7  this litigation and the Court's interest in managing its docket weigh in favor of dismissal.
8  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
9  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
10 action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public
11 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors
12 in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
13 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
14 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
15 779 F.2d at 1424.  The Court's Screening Order expressly stated: "If Plaintiff fails to file an
16 amended complaint in compliance with this order, this action will be dismissed, with
17 prejudice, for failure to state a claim." (ECF No. 22.) Thus, Plaintiff had adequate warning
18 that dismissal would result from his noncompliance with the Court's Order. The Court also
19 gave Plaintiff numerous additional opportunities to file an amended complaint, and as of
20 this date, Plaintiff has failed to respond to take advantage of any of the additional
21 opportunities he was given.
22      Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH
23 PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C.
24 § 1915(g).
25      These Findings and Recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
27 Within fourteen (14) days after being served with these Findings and Recommendations,
28 any party may file written objections with the Court and serve a copy on all parties.  Such

1 a document should be captioned "Objections to Magistrate Judge's Findings and
2 Recommendations."  The parties are advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1 st</u>,
4 951 F.2d 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.
8 Dated:    August 20, 2012                      /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE